**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

**UNITED STATES OF AMERICA,**

    v.                                                                                 **CRIMINAL NO. 4:02cr28**

**MARIO ANTHONY TYNES,**

    **Defendant.**

## ORDER

This matter comes before the Court upon Mario Anthony Tynes' ("Defendant") April 7, 2008, "Emergency Motion to Correct Sentence," and upon the Court's own March 5, 2008, motion to reduce the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Court hereby **DENIES** the Defendant's motion, **GRANTS** the Court's own motion, and **REDUCES** the Defendant's sentence to 106 months imprisonment, as set forth in more detail below.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On May 20, 2002, the Defendant appeared before the Court and pled guilty to Count Four and Count Five of a Six-Count Indictment. Count Four charged the Defendant with distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Count Five charged the Defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The Defendant had an offense level of 27, a criminal history category of V, and a guideline range of 120 to 150 months on Count Four plus 84 months, consecutive, on Count Five.

1

On August 8, 2002, the Court imposed a sentence of 219 months imprisonment on the Defendant. This sentence consisted of 135 months on Count Four and 84 months, consecutive, on Count Five. On February 18, 2004, the Court issued an order on the Government's Fed. R. Crim. P. 35(b) motion reducing the Defendant's sentence to a term of 110 months imprisonment. The sentence consisted of 26 months on Count Four and 84 months, consecutive, on Count Five.

On March 5, 2008, the Court notified the parties of its intent to consider reducing the Defendant's sentence on its own motion pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendments 706, 711, and 715 ("Crack Cocaine Amendments"). After application of the Crack Cocaine Amendments, the Defendant has an offense level of 25, a criminal history category of V, and a guideline range of 100 to 125 months on Count Four plus 84 months, consecutive, on Count Five.[1] On April 2, 2008, the Government filed a response recommending that the court reduce the Defendant's sentence from 110 months to 106 months, consisting of 22 months on Count Four and 84 months, consecutive, on Count Five. On April 4, 2008, the Court issued an order adopting the Government's recommendation and reducing the Defendant's sentence to 106 months. However, on April 7, 2008, the Defendant filed an "Emergency Motion to Correct Sentence" objecting to the Government's recommendation and claiming that the Defendant's sentence should have been reduced to 98 months, consisting of 14 months on Count Four and 84 months, consecutive, on Count Five. On April 8, 2008, the Court issued an order: (1) vacating the order reducing the Defendant's sentence to 106 months; (2) appointing Walter B. Dalton, Assistant Federal Public Defender, to

---

[1] See U.S.S.G. § 1B1.10(b)(1). The Defendant's offense level, criminal history category, and guideline ranges are the same under both Amendment 706, as modified by Amendment 711, (retroactive on March 3, 2008) and Amendment 715 (retroactive on May 1, 2008). Therefore it is unnecessary for the Court to wait until May 1, 2008, to rule on the Defendant's motion.

serve as counsel for the Defendant; and (3) ordering the parties to appear at a hearing on the Defendant's motion. On April 22, 2008, the parties appeared at the hearing and presented argument with respect to the Defendant's motion.

## II. LEGAL ANALYSIS

The Defendant's motion presents the Court with two subtle issues regarding the retroactive application of the Crack Cocaine Amendments. As a threshold matter, both the Government and the Defendant agree that: (1) the Crack Cocaine Amendments apply to the Defendant; and (2) that the Crack Cocaine Amendments have the effect of lowering the Defendant's guideline range. See U.S.S.G. § 1B1.10(a)(2). Therefore, the Court must only determine the amount of reduction (if any) to which the Defendant is entitled pursuant to 18 U.S.C. § 3582(c)(2).[2] U.S.S.G. § 1B1.10, which governs the retroactive application of the Crack Cocaine Amendments, states, in relevant part:

> Limitations and Prohibitions on Extent of Reduction.
>
> (A) In General. Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception. If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction *comparably less* than the

---

[2] 18 U.S.C. § 3582(c)(2) states, in relevant part: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

>amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2) (emphasis added). Two issues are therefore squarely presented before the Court. First, whether a Court may further reduce a Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) where the Defendant's sentence has already been reduced pursuant to Fed. R. Crim. P. 35(b)[3] and 18 U.S.C. §§ 3553(e)[4] and 3582(c)(1)(B)[5]. Second, if so, whether a Court should

---

[3]Fed. R. Crim. P. 35(b) states, in relevant part:

(1) **In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(2) **Later Motion**. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

  (A) information not known to the defendant until one year or more after sentencing;

  (B) information provided by the defendant to the government within one year of sentencing but which did not become useful to the government until more than one year after sentencing; or

  (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

[4]18 U.S.C. § 3553(e) states, in relevant part: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

[5]18 U.S.C. § 3582(c)(1)(B) states, in relevant part: "[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

4

subsequently apply the 35(b) reduction proportionally to the Defendant's entire sentence or proportionally only to the Defendant's sentence for the count that was originally subject to the 35(b) reduction. Each issue will be discussed in turn.

The first issue is whether a Court may further reduce a Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) where the Defendant's sentence has already been reduced pursuant to Fed. R. Crim. P. 35(b) and 18 U.S.C. §§ 3553(e) and 3582(c)(1)(B). Although the parties did not dispute the issue at the hearing, the Court must resolve it in order to determine whether the Court may reduce the Defendant's sentence. Generally, Courts may not reduce a Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the guideline range after application of the Crack Cocaine Amendments. U.S.S.G. § 1B1.10(b)(2)(A). In this case, the Defendant's guideline range for Count Four after application of the Crack Cocaine Amendments is 100 to 125 months. The Defendant's current sentence on Count Four is 26 months. Therefore any further reduction would necessarily be less than the minimum of the guideline range after application of the Crack Cocaine Amendments.

However, the guidelines provide an exception to this general rule for situations in which the original sentence was not a "non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005)." U.S.S.G. § 1B1.10(b)(2)(B). Although the double negative inherent in the guideline provision is awkward and renders the provision somewhat ambiguous, this Court reads the guideline as permitting a further reduction *both* for guideline sentences *and* for non-guideline sentences "determined pursuant to" provisions of the United States Code other than 18 U.S.C. § 3553(a). As discussed below, a 35(b) reduced sentence must fall into one of these two categories.

5

An original guideline sentence, modified by a 35(b) reduction, is still a guideline sentence (or at least the "functional equivalent" of a guideline sentence), and therefore falls within the exception to the general rule prohibiting reductions below the guideline range after application of the Crack Cocaine Amendments. When a court reduces a guideline sentence by a certain percentage to reflect the degree of the defendant's assistance to the government pursuant to Fed. R. Crim. P. 35(b) (or otherwise calculates a 35(b) reduction based on the original guideline range), the reduced sentence incorporates (rather than abandons) the United States Sentencing Guidelines' guidance regarding the appropriate sentence for the court to impose on that particular defendant for that particular offense. In this context, the 35(b) reduced sentence would only constitute a non-guideline sentence if the original sentence itself was a non-guideline sentence. Therefore, even though a 35(b) reduction is not explicitly contemplated by the guidelines, a percentage reduction from those guidelines pursuant to Fed. R. Crim. P. 35(b) is still the "functional equivalent" of a guideline sentence.

This position appears to be in accord with several other district courts who have recently considered the issue in the context of applying the Crack Cocaine Amendments. See, e.g., United States v. Lucas, 2008 WL 936850, at *2 (W.D. Va. April 7, 2008) (reasoning that "in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence"); United States v. Benjamin, 2008 WL 972698, at *2 (E.D. Tenn. April 7, 2008) (reasoning that "[i]f the new guideline range had been considered by the government and the court at the time of the defendant's original sentencing, there is no reason to believe that the proportionate amount of departure would not have been the same"); United States v. Diaz, 2008 WL 789885, at *3 (E.D. N.Y. March 20, 2008) (reasoning that the "original sentence

was the functional equivalent of a guideline sentence"); see also United States v. Scheffler, 2008 WL 619369 (D. N.H. March 4, 2008); United States v. Donaldson, 2008 WL 818609 (M.D. Fla. March 25, 2008); United States v. Gallman, 2008 WL 948294 (D.S.C. April 4, 2008); United States v. Ali, 2008 WL 1746039 (S.D. W.Va. April 14, 2008).

Although the guidelines do not provide any guidance with respect to a defendant's post-sentence substantial assistance in the form of a 35(b) reduction, the guidelines do provide guidance with respect to a defendant's pre-sentence substantial assistance in the form of a U.S.S.G. § 5K1.1 downward departure. If a 5K1.1 downward departure is considered a guideline sentence subject to further 3582(c)(2) reduction, then certainly a 35(b) reduction should be considered a guideline sentence as well. To permit a further 3582(c)(2) reduction after a 5K1.1 downward departure but not after a 35(b) reduction would potentially result in inconsistent sentences among defendants who have rendered similar assistance to the Government. Failure to permit a further 3582(c)(2) reduction would also run counter to well-established public policy favoring the creation of incentives for defendants to cooperate with the Government[6] because it would deny certain Defendants the complete benefit of their assistance simply due to the fact that they happened to be sentenced *before* the United States Sentencing Commission retroactively corrected an error in the guidelines.

Even if an original guideline sentence, modified by a 35(b) reduction, is *not* a guideline sentence, the reduced sentence was "determined pursuant to" Fed. R. Crim. P. 35(b) and 18 U.S.C. §§ 3553(e) and 3582(c)(1)(B), not pursuant to 18 U.S.C. § 3553(a) and Booker. See Wade v. United States, 504 U.S. 181, 182 (1992) (finding that 18 U.S.C. § 3553(e) is the provision which

---

[6]Evidence of this public policy can be found in U.S.S.G. § 5K1.1, Fed. R. Crim. P. 35(b), and 18 U.S.C. §§ 3553(e) and 3582(c)(1)(B).

"empowers" district courts to impose a sentence below the statutory minimum to reflect a defendant's substantial assistance).  By its terms, U.S.S.G. § 1B1.10(b)(2)(B) generally prohibits a further 3582(c)(2) reduction if the defendant's original sentence was based on the application of the 3553(a) factors alone – as authorized by the United States Supreme Court in Booker and its progeny – and not based on the sentencing guidelines.  However, Fed. R. Crim. P. 35(b) and 18 U.S.C. §§ 3553(e) and 3582(c)(1)(B) permit sentence reductions below the guideline range *without* consideration of the 3553(a) factors.  Indeed, the United States Court of Appeals for the Fourth Circuit has indicated that a district court is, in fact, *prohibited* from considering any factor other than the defendant's substantial assistance in the similar context of a U.S.S.G. § 5K1.1 motion.  United States v. Pearce, 191 F.3d 488, 492-93 (4th Cir. 1999) ("[A]ny factor considered by the district court on a § 5K1.1 motion must relate to the 'nature, extent, and significance' of the defendant's assistance.") (citation omitted).  While other cases have indicated that a district court may consider other factors when deciding to *limit* a 35(b) reduction, the cases clearly hold that the district court may *only* consider the defendant's substantial assistance when deciding to *grant or augment* a 35(b) reduction.  See, e.g., United States v. Woodward, 245 Fed. Appx. 320, 323 (4th Cir. 2007); United States v. Lindsay, 254 Fed. Appx. 168, 169-70 (4th Cir. 2007).

Additional support for this position can be found by a closer examination of the text of the applicable guidelines and statutes.  First, 18 U.S.C. § 3582(c), which concerns a court's "modification of an imposed term of imprisonment," explicitly instructs district courts to consider the 3553(a) factors for sentence modifications based on a motion by the Bureau of Prisons or on a retroactive change in the sentencing guidelines.  18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2).  However, the statute ominously omits this instruction for sentence modifications based on Fed. R.

Crim. P. 35 – the only other basis for sentence modification contained in the statute. 18 U.S.C. § 3582(c)(1)(B). Second, if the prohibition contained in U.S.S.G. § 1B1.10(b)(2)(A) and (B) was truly intended to apply to all non-guideline sentences, much of the language in the provision would be rendered superfluous. The United States Sentencing Commission could have much more easily instructed that guideline sentences are eligible for 3582(c)(2) reductions below the guideline range after application of the Crack Cocaine Amendments, whereas non-guidelines sentences are not so eligible. The fact that the Commission chose not do adopt this much simpler blanket rule implies that they intended the "exception" to cover certain non-guideline sentences as well.

  Furthermore, the fact that a district court might consider the 3553(a) factors when deciding to limit a 35(b) reduction does not somehow change the 35(b) reduced sentence into a sentence based on 18 U.S.C. § 3553(a) and Booker. A district court's consideration of the 3553(a) factors when deciding to limit a 35(b) reduction is no different than a district court's consideration of those same 3553(a) factors when deciding an appropriate guideline sentence. The later case is still a sentence pursuant to the guidelines just like the former case is still a sentence pursuant to Fed. R. Crim. P. 35(b) and 18 U.S.C. §§ 3553(e) and 3582(c)(1)(B). Consideration of the 3553(a) factors does not alter the *basis* of the court's decision in either case, and each of these cases are clearly distinguishable from a sentence based *only* on 3553(a) and Booker – the "non-guideline sentence" scenario with which U.S.S.G. § 1B1.10(b)(2)(B) appears to be explicitly concerned. If mere consideration of the 3553(a) factors when imposing a sentence makes the sentence a non-guideline sentence "determined pursuant to" 18 U.S.C. § 3553(a) and Booker according to U.S.S.G. § 1B1.10(b)(2)(B), then the exception would be rendered meaningless because even pure guideline sentences (without 35(b) reductions) would be ineligible for the exception.

The Court also notes that, significantly, the "prohibition" and "exception" contained in U.S.S.G. § 1B1.10(b)(2)(A) and (B) do not eliminate a district court's discretion when determining whether to make a further 3582(c)(2) reduction below the guideline range after application of the Crack Cocaine Amendments. For non-guideline sentences "determined pursuant to" 18 U.S.C. § 3553(a) and Booker, a further 3582(c)(2) reduction "*generally* would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added). For all other sentences, a further 3582(c)(2) "*may* be appropriate." U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added). Therefore, district courts clearly have the discretion to determine whether factors such as the defendant's substantial assistance and the various 3553(a) factors warrant a further reduction below the defendant's original 35(b) reduced sentence. However, as the above analysis demonstrates, a 35(b) reduced sentence certainly does not fall under the category of cases in which a further 3582(c)(2) reduction is "generally" inappropriate.

Given that this Court may further reduce the Defendant's 35(b) reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b), the Court must now consider what reduction to impose. Pursuant to these provisions, the Court must consider the Defendant's guideline range after application of the Crack Cocaine Amendments, the various 3553(a) factors, and any other applicable policy statements or guidelines issued by the Sentencing Commission. In this case, the Defendant's guideline range was reduced from a range of 120 to 150 months to a range of 100 to 125 months on Count Four after application of the Crack Cocaine Amendments. The guideline range of 84 months, consecutive, for Count Five was unaffected by the Crack Cocaine Amendments. Given that the Defendant's pre-35(b) sentence on Count Four was originally 135 months, the Defendant's proportional pre-35(b) sentence on Count Four after application of the Crack Cocaine Amendments is 113 months. This results in a total pre-35(b) sentence after application of the Crack

Cocaine Amendments of 197 months.

The central issue disputed by the parties in this case is how the Court should apply its original 35(b) reduction to this guideline sentence after application of the Crack Cocaine Amendments. The Defendant argues that this Court's order on the Government's 35(b) motion reduced the Defendant's overall sentence by 50 percent (from 219 months to 110 months), and that therefore the Court should similarly reduce the Defendant's overall sentence by 50 percent after application of the Crack Cocaine Amendments (from 197 months to 98 months). The Government, on the other hand, argues that this Court's order on the Government's 35(b) motion only reduced the Defendant's sentence on Count Four by 81 percent (from 135 months to 26 months), and that therefore the Court should similarly only reduce the Defendant's sentence on Count Four by 81 percent after application of the Crack Cocaine Amendments (from 113 months to 22 months). Therefore the Government recommends a total 3582(c)(2) reduced sentence of 106 months whereas the Defendant recommends a total 3582(c)(2) reduced sentence of 98 months, after application of the Crack Cocaine Amendments. The Court must therefore determine whether the 35(b) reduction should be applied proportionally to the Defendant's entire sentence or proportionally only to the Defendant's sentence for the count that was originally subject to the 35(b) reduction.

The Court's February 18, 2004, order on the Government's 35(b) motion reduced the Defendant's sentence on Count Four from 135 to 26 months and left Count Five entirely unaffected. The sentencing guidelines provide limited guidance on what would constitute a sentence "comparably less" than this sentence under U.S.S.G. § 1B1.10(b)(2)(B). However, Note 3 in the Commentary to this provision states:

> For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

This provision clearly indicates that a proportional reduction should be made to the Defendant's sentence based on the original reduction percentage.[7] However, it does not explicitly specify whether the percentage reduction should be applied proportionally to the Defendant's entire sentence (reducing the total sentence to 98 months) or proportionally only to the Defendant's sentence for Count Four (reducing the total sentence to 106 months).

The parties' arguments boil down to an issue of the Court's intent: whether, in its order on the Government's 35(b) motion, the Court intended to reduce the overall sentence by 50 percent or to reduce the sentence on Count Four by 81 percent. The best evidence of the Court's intent is the text of the Court's order itself and the rest of the record currently before the Court. Yet there is no evidence whatsoever that the Court intended to reduce the Defendant's overall sentence by 50 percent other than, of course, the Defendant's own mathematical calculation. Contrary to the

---

[7]A court may encounter an additional problem not contemplated by the guidelines in situations where the court has imposed a 35(b) reduction based on a quantity other than a percentage of the original guideline range. For example, a court could reduce a defendant's sentence pursuant to Fed. R. Crim. P. 35(b) by a fixed quantity of 5 months rather than by a variable quantity of 10 percent. In this situation, a proportional, "comparably less" reduction advised by the guidelines may be inappropriate. Because this Court makes 35(b) reductions based on a percentage of the original guideline range, this situation is not presented by the facts of this case, and therefore the Court does not decide the issue.

Defendant's claim, the text of the Court's order clearly indicates that the Court intended to reduce only the Defendant's sentence on Count Four. Given that this Court's practice is to make a 35(b) reduction as a percentage of the original guideline range for a given count (or counts), the Court's 35(b) reduction was linked proportionally to the Defendant's sentence on Count Four and not to the Defendant's overall sentence. A contrary intent would have been manifested by a reduction in the Defendant's sentence on both Count Four and Count Five. Furthermore, adopting the Defendant's position with respect to the Court's intent in this case would impose far too great a burden on subsequent courts attempting to proportionally link a 35(b) reduction to one count rather than to the overall sentence. Simply reducing a particular count (rather than the overall sentence) should serve as sufficient evidence of the court's intent. Any further explanation that the court *intended* only to reduce the particular count should not be necessary to prove that the court has, in fact, done so.

Even if the Court intended to reduce the overall sentence by 50 percent, the Court's order on the Government's 35(b) motion precludes the adjustment the Defendant seeks. The Court did not reduce the Defendant's sentence on Count Five in the order, and therefore any reduction must be applied to Count Four. Applying any reduction to Count Five would be tantamount to the Court making a "new" 35(b) reduction without the required 35(b) motion by the Government, and would also be inappropriate given that Count Five is completely unaffected by the Crack Cocaine Amendments. In the alternative, the Defendant's position would therefore necessarily require the Court to reduce the Defendant's sentence on Count Four approximately 88 percent from 113 months to 14 months in order to reach the desired 50 percent reduction in the Defendant's overall sentence. However, applying an 88 percent reduction to Count Four (rather than the 81 percent reduction originally imposed) would also be tantamount to the Court making a "new" 35(b) reduction without

13

the required 35(b) motion by the Government. The Court may not revisit its initial order on the Government's 35(b) motion in this manner and thereby "resentence" the Defendant. See U.S.S.G. § 1B1.10(a)(3). Therefore, the proportional sentence suggested by U.S.S.G. § 1B1.10(b)(2) and its Commentary is the Government-recommended sentence of 22 months on Count Four plus 84 months, consecutive, on Count Five.

The Court must still determine whether consideration of any 3553(a) factors warrants a limitation on the 4 month reduction in the Defendant's sentence suggested by the guidelines. The Defendant's pre-sentence record reveals no facts that warrant limiting the 3582(c)(2) reduction pursuant to the 3553(a) factors. The Defendant's original sentence within the guideline range accurately reflected the need for the sentence imposed: (1) to reflect the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) to reflect the seriousness of the offense; (3) to promote respect for the law; (4) to provide just punishment for the offense; (5) to afford adequate deterrence to criminal conduct; (6) to protect the public from further crimes of the defendant; (7) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (8) to avoid unwarranted sentence disparities; and (9) to provide restitution to any victims of the offense. A total reduced sentence of 106 months (from 110 months) remains a reasonable sentence in light of the Court's consideration of these factors with respect to the Defendant's pre-sentence record.

Similarly, the Defendant's post-sentence record also reveals no facts that warrant limiting the 3582(c)(2) reduction pursuant to the 3553(a) factors. Records obtained from the Federal Bureau of Prisons indicate that the Defendant's adjustment to incarceration has been positive. He has obtained his GED, completed numerous work assignments, and participated in numerous educational

and vocational programs. He has also had no disciplinary infractions. Therefore, the total reduced sentence of 106 months suggested by the Government and U.S.S.G. § 1B1.10(b)(2) is a reasonable sentence that complies with this Court's obligation under 18 U.S.C. § 3553(a) and <u>Booker</u> and its progeny.

### III.  CONCLUSION

The Court has carefully considered the parties' arguments at the April 22, 2008, hearing; the Government's April 2, 2008, response; the Defendant's April 7, 2008, "Emergency Motion to Correct Sentence;" the Probation Office's recalculation; the Sentencing Commission's relevant policy statements and guidelines; and the factors set forth in 18 U.S.C. § 3553(a). For the foregoing reasons, the Defendant's "Emergency Motion to Correct Sentence" is hereby **DENIED** and the Court's own motion to reduce the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) is hereby **GRANTED**.

Therefore, the sentence imposed by this Court's last judgment is hereby **MODIFIED**, and the Defendant's sentence is hereby **REDUCED** to the greater of either 106 months imprisonment or "time served." This sentence consists of 22 months imprisonment on Count Four and 84 months imprisonment consecutive on Count Five. This term of imprisonment is not within the guideline range after application of the Crack Cocaine Amendment. However, the modified sentence is proportional to the sentence imposed by this Court's order on the Government's Rule 35(b) motion.

In no event should this order be construed to violate the prohibition contained in U.S.S.G. § 1B1.10(b)(2)(C). Except as provided above, all other provisions of the Court's last judgment imposed on the Defendant on August 8, 2002, shall remain in effect.

The Clerk is **DIRECTED** to deliver a copy of this order to the Defendant, to counsel for the Defendant, to the United States Attorney, to the United States Probation Officer, and to the Federal Bureau of Prisons.

It is so **ORDERED**.

/s/
Robert G. Doumar
UNITED STATES DISTRICT JUDGE

April 28, 2008
Norfolk, Virginia